IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACY NELSON, | ) | CASE NO. 1:17 2658 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Tracy Nelson sought disability insurance benefits because of physical impairments including lumbar disc disease, ankylosing spondylitis, and osteoarthritis.[1] The Commissioner found her capable of performing light work with certain additional postural and environmental limitations.[2] Given this residual functional capacity, the Commissioner determined that a significant number of jobs exist in the national economy that Nelson can perform.[3] The Commissioner concluded that she was not under a disability and denied her application.[4] This decision has the support of substantial evidence and is affirmed.[5]

---

[1] ECF No. 10, Transcript ("Tr.") at 20, 22.
[2] *Id.* at 26.
[3] *Id.* at 32.
[4] *Id.* at 33.
[5] The parties have consented to my jurisdiction. ECF No. 14.

## Analysis

The oral argument in this case framed the following issues for decision:

- At Step Three the claimant has the burden of proving that the severity of her impairments meets or equals the criteria for listings applicable to those impairments. Nelson submits that her ankylosing spondylitis, found severe at Step Two, equals the listing in § 14.09. She concedes that her impairment does not meet or equal subsection C of that listing, which addresses ankylosing spondylitis. Did Nelson meet her burden of proof?

- At Step Three the ALJ must compare the medical evidence with the requirements for listings corresponding to impairments found severe at Step Two. Here, the ALJ did not address or articulate upon the listing for ankylosing spondylitis, § 14.09C. Does this omission constitute reversible error where Nelson concedes that she did not meet or equal that listing?

### A.  Nelson's Burden

At Step Three the claimant bears the burden of proof that her severe impairment meets or equals the criteria of the applicable listing.[6] She must meet that burden with medical findings of record.[7] To prove that an impairment equals a listing, Nelson must present evidence of medical findings of severity as to all criteria in the listed impairment.[8] To satisfy her burden, the opinion of an acceptable medical source must support the equivalency argument.[9]

At the oral argument Nelson's counsel conceded that there is no evidence that her ankylosing spondylitis met or equaled the criteria of section 14.09C.[10] Indeed, the listing

---

[6] *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Circ. 2009).
[7] *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990).
[8] *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).
[9] *Moore v. Comm'r of Soc. Sec.*, No. 1:16-CV-462, 2017 WL 780838, at *4 (W.D. Mich. Mar. 1, 2017).
[10] ECF No. 22, Transcript of Oral Argument ("OATR") at 9.

requires specified degrees of flexion of the spine from the vertical position "as shown by medically acceptable imaging and measured on physical examination . . . ."[11] Nelson admits that there is no measurement of the degree of flexion in the record.[12]

Rather, her argument is that other medical evidence proves that she equaled the listing in section 14.09 as a whole, particularly levels of proteins in her system, erosion of the sacroiliac joint, and inflammation of the optic nerve.[13] Arguably, with an acceptable medical source opinion she could have a case for equivalency under one of the other subsections of 14.09. But she cannot meet her burden based on counsel's interpretation of the medical evidence. The severe impairment at issue here is ankylosing spondylitis, and Nelson claims no error by way of failure to find additional severe impairments at Step Two. As I observed in *Jones v. Commissioner of Social Security*, "[j]ust as the Commissioner is not entitled to take advantage of *post hoc* analysis to put something into an ALJ's opinion that wasn't there originally, so too should reviewing courts be concerned that claimants not seek to profit from doing likewise."[14]

**B.     The ALJ's Responsibility**

Nevertheless, Nelson presses reversible error on the failure of the ALJ to expressly address and articulate on section 14.09C or 14.09 as a whole in her decision. The Sixth

---

[11] 20 C.F.R. 404, App'x 1, Part A2.
[12] Tr. at 10.
[13] OATR. at 5-7.
[14] *Jones v. Comm'r of Soc. Sec.*, No. 5:10CV2621, 2012 WL 946997, at *8 (N.D. Ohio, Mar. 20, 2012)

3

Circuit's unreported decision in *Reynolds v. Commissioner of Social Security*[15] provides that the ALJ must compare the medical evidence with the requirements of any listed impairment found severe at Step Two.[16] In so arguing she portrays *Reynolds* as establishing a bright line rule requiring a remand in the absence of the ALJ's consideration of a severe impairment at Step Three.

The ALJ found Nelson's lumbar disc disease, osteoarthritis, and ankylosing spondylitis severe at Step Two.[17] At Step Three she acknowledged and analyzed the listings for disorders of the spine (§ 1.04) and major joint dysfunction (§ 1.02), finding that Nelson's impairments did not meet or equal either.[18] She did not address listing § 14.09C, which applies to ankylosing spondylitis.

*Reynolds* does not establish a bright line rule. The articulation requirement at Step Three is not a heightened one.[19] In the absence of any acceptable source opinion from Nelson on the Step Three issue, at most the ALJ's duty extended to addressing section 14.09C, which corresponds to the finding of severe ankylosing spondylitis at Step Two. Although the ALJ here did not address that section, that omission is harmless error because Nelson has admitted that her impairment did not meet or equal that listing.[20]

---

[15] 424 F. App'x 411.
[16] *Id.* at 415.
[17] Tr. at 22.
[18] *Id.* at 25.
[19] *Franklin v. Comm'r of Soc. Sec.*, No. 4:10 CV 2215, 2012 WL 727799, at *2 (N.D. Ohio Feb. 16, 2012).
[20] OATR at 9-10; *Byers v. Comm'r of Soc. Sec.*, No. 1:14CV154, 2015 WL 128016, at *14 (N.D. Ohio Jan. 8, 2015)

## Conclusion

Nelson has not met her burden of proof at Step Three, and any failure of the ALJ to acknowledge and articulate as to the listing for ankylosing spondylitis is harmless error in light of Nelson's concession that she cannot meet or equal that listing.

The decision of the Commissioner must be affirmed.

IT IS SO ORDERED.

Dated: March 8, 2019         s/ William H. Baughman, Jr.
                             United States Magistrate Judge